UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KMW ENERGY, INC., | ) |
|       Third-Party Plaintiff, | ) |
| v. | ) Docket no. 1:20-cv-00293-GZS |
| CHOLA TURBO MACHINERY INTERNATIONAL PRIVATE LIMITED & BUFFALO TURBINES, Inc., | ) |
|       Third-Party Defendants. | ) |

**PROCEDURAL ORDER**

Before the Court is Third-Party Plaintiff KMW Energy, Inc.'s Motion for Default Judgment (ECF No. 62). In order to evaluate whether to retain subject matter jurisdiction under 28 U.S.C. § 1367(c)(3),[1] and, in the event it does so, to determine whether to conduct a hearing in accordance with Federal Rule of Civil Procedure 55(b)(2), the Court hereby requests that KMW Energy submit copies of the following documents:

- The Contract between KMW Energy and Plaintiff Georges River Energy, LLC, pursuant to which KMW Energy agreed to construct the turbine project at issue (see Third-Party Complaint (ECF No. 24), PageID # 102);

- The Proposal and Purchase Order numbered 603349 that together formed a contractual relationship between KMW Energy and Third-Party Defendant Buffalo Turbines, Inc. for the provision of a turbine (see id., PageID #s 102–03);

---

[1] See Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., Inc., 730 F.3d 67, 70–71 & 72–74 (1st Cir. 2013) (addressing a district court's discretion to retain supplemental subject matter jurisdiction after the claims on which supplemental jurisdiction was originally based are no longer live).

- The Performance Bond numbered BDTO-150002-016, issued by Defendant Liberty Mutual Insurance Company (see Leveille Affidavit (ECF No. 62-1), PageID # 248);

- The Indemnity Agreements between KMW Energy and Nor-Arc Steel Fabricators (see id.);

- The 2016 Corporate Guarantee and 2018 Performance Guarantee provided by Third-Party Defendant Chola Turbo Machinery International Private Limited to KMW Energy (see Third-Party Complaint, PageID # 103);

- The 06/22/2020 Order of the Ontario Superior Court of Justice in Bankruptcy Action No. 35-2638322, pursuant to which Georges River Energy was granted leave to commence an action against KMW Energy (see Amended Complaint (ECF No. 8), PageID # 38; Leveille Affidavit, PageID # 248);

- Any other filings and/or orders in the aforementioned Bankruptcy Action No. 35-2638322 that show how Nor-Arc Steel Fabricators and 2751602 Ontario, Inc. acquired any assets and interests of KMW Energy (see Leveille Affidavit, PageID # 248);

- The Settlement Agreement between Georges River Energy and KMW Energy, pursuant to which those parties stipulated to dismissal of Georges River from this action (see Stipulation of Dismissal (ECF No. 54); Leveille Affidavit, PageID # 248);

- Proof of payment for the $2.5 million tendered to Georges River Energy under the Settlement Agreement (see Leveille Affidavit, PageID # 248);

- Any other document that counsel considers relevant to the Court's decision to exercise supplemental jurisdiction or to award damages in accordance with Rule 55(b)(2).

The Court hereby RESERVES RULING on the Motion for Default Judgment (ECF No. 62) pending its receipt and review of the above-listed documents. Absent a request for extension, these documents shall be provided to the Court no later than June 3, 2022.

SO ORDERED.

                                                /s/ George Z. Singal
                                                United States District Judge

Dated this 6th day of May, 2022.