UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KMW ENERGY, INC., | ) |
|         Third-Party Plaintiff, | ) ) ) |
| v. | ) Docket no. 1:20-cv-00293-GZS |
| CHOLA TURBO MACHINERY INTERNATIONAL PRIVATE LIMITED & BUFFALO TURBINES, INC., | ) ) ) ) ) |
|         Third-Party Defendants. | ) |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

Before the Court is Third-Party Plaintiff KMW Energy, Inc.'s ("KMW Energy") Motion for Default Judgment (ECF No. 62). Having considered the entirety of the docket, the Court declines to exercise supplemental jurisdiction over the claims in KMW Energy's Third-Party Complaint (ECF No. 24). Therefore, the Court DENIES Third-Party Plaintiff KMW Energy's Motion (ECF No. 62) and DISMISSES its Third-Party Complaint (ECF No. 24) without prejudice.

**I.   BACKGROUND**

The instant case arises out of a dispute over the installation of "an 8.5-megawatt multistage controlled extraction condensing turbine" at a biomass plant in Searsmont, Maine. (Third-Party Compl., PageID # 102.) Plaintiff Georges River Energy, LLC ("GRE") hired KMW Energy to supply the aforementioned turbine. (Id.) In turn, KMW Energy, a Canadian corporation, contracted with Third-Party Defendant Buffalo Turbines, Inc. ("Buffalo Turbines"), another Canadian corporation, to purchase the turbine. (Id., PageID # 103.) Buffalo Turbines arranged to obtain the turbine from Third-Party Defendant Chola Turbo Machinery International Private Limited ("Chola"), a corporation that operates in India. (Id., PageID #s 102 & 103).

GRE subsequently brought suit against KMW Energy, alleging that the turbine KMW Energy supplied had "failed to meet the requirements" of the contract between those two parties. (Id., PageID # 105.) Specifically, GRE claimed that the turbine was delivered late, performed inadequately, and contained "many design and manufacturing defects." (Id., PageID #s 105 & 106.) GRE predicated its suit on the existence of diversity subject matter jurisdiction between itself and KMW Energy. (See Am. Compl. (ECF No. 8), PageID # 27.) KMW Energy impleaded Buffalo Turbines and Chola, asserting a number of state-law contract and tort claims under the federal supplemental jurisdiction statute.[1]  Neither Buffalo Turbines nor Chola filed appearances in this case, and KMW Energy successfully moved for Entry of Default against both parties. (See 2/17/22 Order (ECF No. 59); 2/9/21 Order (ECF No. 38).)

In August 2021, GRE settled its claims against KMW Energy and was dismissed from the suit. (See Notice of Settlement & Procedural Order (ECF No. 50); Stipulation of Dismissal (ECF No. 54).) GRE's dismissal removed the claims on which the Court's original jurisdiction was based, leaving only state-law claims grounded in supplemental jurisdiction. (See Third-Party Compl., PageID #s 108–13.) Then, in April 2022, KMW Energy moved for an entry of default judgment against Buffalo Turbines and Chola. (See Mot. (ECF No. 62).) The Court ordered KMW Energy to produce additional documentation "to evaluate whether to retain subject matter jurisdiction under 28 U.S.C. § 1367(c)(3)." (5/6/22 Procedural Order (ECF No. 63), PageID # 250.) KMW Energy responded by filing 23 exhibits. (See Exs. 1–10(h) (ECF Nos. 64-1–64-23).)

---

[1] KMW Energy alleged the following claims against Buffalo Turbines:  Breach of Subcontract (Count I), Breach of Implied Warranty or Condition of Fitness for Purpose (Count II), Breach of Implied Warranty of Merchantability (Count III), Negligent Misrepresentation (Count IV), Professional Negligence (Count V), and Unjust Enrichment (Count VII).  Against Chola, KMW Energy alleged Professional Negligence (Count V), Breach of Warranty and Guarantees (Count VI), and Unjust Enrichment (Count VII).  See Third-Party Compl., PageID #s 108–13.

## II. LEGAL STANDARD

The federal supplemental jurisdiction statute permits a federal district court to hear a state-law claim over which it lacks original jurisdiction, provided the supplemental claim shares a "common nucleus of operative fact" with a claim over which the federal court possesses original jurisdiction. Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1176 (1st Cir. 1995) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); see also 28 U.S.C. § 1367(a). The statute also permits the federal court to decline jurisdiction over the supplemental claim where it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c), in an exercise of its "informed discretion." Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996). "No categorical rule governs the analysis; a court must weigh concerns of comity, judicial economy, convenience, and fairness." Redondo Constr. Corp. v. Izquierdo, 662 F.3d 42, 49 (1st Cir. 2011). While a court may retain jurisdiction over state-law third-party claims after the original claims are resolved, see Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC, 730 F.3d 67, 72–73 (1st Cir. 2013), it is not obliged to do so. See Desjardins v. Willard, 777 F.3d 43, 46 (1st Cir. 2015); Roche, 81 F.3d at 256–57.

The balance of these factors points toward the dismissal of KMW Energy's third-party claims in this case. Cf. CFSC Consortium, LLC v. Ferreras-Goitia, 198 F. Supp. 2d 116, 126–130 (D.P.R. 2002). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726; see also Camelio v. American Fed'n, 137 F.3d 666, 672 (1st Cir. 1998) (stating that "[c]omity is a particularly important concern" in cases implicating section 1367(c)). The need for a "surer-footed reading of applicable law" is particularly acute where, as here, liability for millions of dollars in damages may be imposed without the benefit of adversarial

presentation.[2]  Gibbs, 383 U.S. at 726.  Thus, analysis of the comity factor suggests the Court should decline to exercise supplemental jurisdiction.

Judicial economy and convenience also militate against a continued exercise of supplemental jurisdiction here.  Though approximately eighteen months have elapsed since KMW Energy filed its Third-Party Complaint against Buffalo Turbines and Chola, KMW Energy spent most of that time simply obtaining proof of service owing to delays associated with completing international service during a global pandemic.  (See Reply (ECF No. 64), PageID #s 256-58.  Thus, there has been little development of the factual and legal issues underlying KMW Energy's third-party claims before this Court.  But see Roche, 81 F.3d at 257 (finding retention of supplemental jurisdiction within district court's discretion where "[t]he litigation had matured well beyond its nascent stages, discovery had closed, [and] the summary judgment record was complete[.]").  Likewise, because GRE and KMW Energy announced their settlement prior to the close of discovery and without engaging in any dispositive motion practice before this Court, this litigation never had occasion to mature "beyond its nascent stages." Id.

However, KMW Energy now seeks entry of a default judgment, which would require the Court to assess "the sufficiency of the [c]omplaint to establish . . . liability" and perform an accounting of damages.  Elektra Ent. Grp., Inc. v. Carter, 618 F. Supp. 2d 89, 92 (D. Me. 2009); see Fed R. Civ. P. 55(b)(2).  Having reviewed the exhibits KMW Energy filed in response to its 5/6/22 Procedural Order, the Court notes a number of factual gaps that yield significant questions regarding liability and the proper measure of damages on KMW Energy's claims.  For these

---

[2] These concerns are further amplified here because KMW Energy has been the subject of bankruptcy proceedings in Canada, which, in turn, have resulted in a "court-approved sale" of its claims against Chola and Buffalo Turbines. See Leveille Aff. (ECF No. 62-1), PageID # 248.

reasons, the Court finds judicial economy also weighs in favor of KMW Energy refiling its claims in a court that would have original jurisdiction over these claims and parties.

The Court lastly informs the exercise of its discretion by considering the interest of fairness. At the outset, the Court acknowledges that KMW Energy has expended time and resources on service in this case and that refiling will involve needing to repeat this service. However, the Court cannot conclude that this fact alone mandates retention of jurisdiction over these claims between three foreign corporations. Moreover, the Court notes that this is not a case where a dismissal will result in KMW Energy's claims being time barred. See Rodriguez, 57 F.3d at 1177 (noting that "[t]he running of the statute of limitations on a [supplemental] claim, precluding the filing of a separate suit in state court, is a salient factor to be evaluated"). Rather, KMW Energy will have the remainder of the applicable state-law statutes of limitations, which were tolled when it filed its Third-Party Complaint, plus an additional thirty-day window, in which to refile in state court. See 28 U.S.C. § 1367(d); Artis v. District of Columbia, 138 S. Ct. 594, 603 (2018). On balance, while the Court recognizes that declining to exercise supplemental jurisdiction here involves inconvenience and delay for KMW Energy, the Court finds no overriding unfairness.

### III.   CONCLUSION

Given the unique procedural posture of this third-party action, "comity, judicial economy, convenience, and fairness" weigh in favor of dismissal of KMW Energy's Third-Party Complaint. Therefore, the Court DENIES Third-Party Plaintiff KMW Energy's Motion for Default Judgment (ECF No. 62) and DISMISSES its Third-Party Complaint (ECF No. 24) without prejudice.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 28th day of June, 2022.